UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>ANDY ONTIVEROS,<br><br>                Defendant. | 4:18-cr-40084<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT AND MOTION FOR EXTENSION OF TIME |

      Defendant, Andy Ontiveros, filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 63. Plaintiff, the United States of America, opposes the motion. Docket 65. Ontiveros subsequently filed a motion for extension of time to provide the court with medical records. Docket 66. For the following reasons, Ontiveros's motion for compassionate release and motion for extension of time are denied.

## BACKGROUND

      On May 28, 2018, Andy Ontiveros was arrested in Minnehaha County, South Dakota, with approximately 2,681 grams of heroin and 993 grams of fentanyl in his vehicle. Docket 35 at 3–4; Docket 47 at 13. Ontiveros later pleaded guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Dockets 28, 32. On January 15, 2019, the court sentenced Ontiveros to 151 months in custody and five years of supervised release for that offense. Docket 44 at 2–3. Ontiveros's projected release date is May 7, 2028. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 11, 2024) (enter BOP

register number 17622-273). Ontiveros is incarcerated at the Thomson Federal Correctional Institution (FCI Thomson), a low security federal correctional institution with an adjacent minimum security satellite camp. *See id.*; *FCI THOMSON*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/tom/ (last visited Apr. 11, 2024). The total population at FCI Thomson is 2,002 persons. *Id.*

Ontiveros filed a motion for compassionate release on January 25, 2021. Docket 49. Ontiveros subsequently submitted a request for compassionate release to the warden of Federal Prison Camp, Duluth (FPC Duluth), on January 27, 2021, which the warden denied on February 3, 2021. Docket 52-1 at 1–3. Ontiveros's first motion for compassionate release was denied on April 7, 2021. Docket 54. Ontiveros filed a second motion for compassionate release on July 21, 2023. Docket 55. On August 17, 2023, Ontiveros subsequently submitted a request for compassionate release to the Warden of FCI Thomson, the institution where he is currently held. *See* Docket 64 at 93. Ontiveros's second motion for compassionate release was denied by the court on January 26, 2024. Docket 62. Ontiveros filed his third motion for compassionate release, the motion now before the court, on February 8, 2024. Docket 63. On April 11, 2024, Ontiveros filed a motion for extension of time in relation to his third motion for compassionate release. Docket 66.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). One narrow exception is the First Step Act (FSA), passed by

2

Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. *Id.* Compassionate release allows defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must consider the Section § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

I.  **Administrative Exhaustion**

Before the FSA's passage, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. *See* 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Ontiveros submitted a request for compassionate release to the warden of USP Thomson on August 17, 2023. *See* Docket 193 at 293–95. It is not clear whether Ontiveros filed a new administrative request prior to his current

3

motion. Regardless, the government does not challenge Ontiveros's motion on the grounds of a failure to exhaust and has thereby waived the issue. *See generally* Docket 65; *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (characterizing 18 U.S.C. § 3582(c)(1)(A)'s procedural requirements as "mandatory claim-processing rule[s]" that "must be enforced *so long as the opposing party properly raises it.*" (emphasis added)); *see also United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) ("Not a jurisdictional limitation, § 3582(c)(1)(A)'s exhaustion requirement is a 'claim-processing rule[]' and accordingly 'may be waived or forfeited' by the government." (quotation omitted)). Accordingly, the court will review Ontiveros's motion on the merits.

## II. Extraordinary and Compelling Reasons

Congress directed the Sentencing Commission to describe what "should be considered extraordinary and compelling reasons" for compassionate release and fashion "the criteria to be applied and a list of specific examples." *See* 28 U.S.C. § 994(t). The Sentencing Commission policy statement, as amended in November of 2023, responded by identifying six categories of "extraordinary and compelling reasons" justifying compassionate release. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. *Id.* A fifth catch-all category exists for other circumstances similar in gravity to the enumerated categories. The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law

produces a gross disparity between the sentence being served and the sentences likely to imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6). Rehabilitation of the defendant is not an extraordinary and compelling reason in and of itself but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in sentence is warranted. U.S.S.G. § 1B1.13(d).

The court has detailed the governing law and the analysis it uses when confronted with a compassionate release motion in many previous orders predating amendment 814 of Section 1B1.13. *E.g., United States v. Shields*, 3:07-CR-30106-01, 2021 WL 765001, at *2-3 (D.S.D. Feb. 26, 2021); *United States v. Muhs*, 4:19-CR-40023-02, 2021 WL 534517, at *2-3 (D.S.D. Feb. 12, 2021); *United States v. Adame*, 4:18-CR-40117-05, 2020 WL 7212096, at *2-3 (D.S.D. Dec. 7, 2020); *United States v. Nyuon*, 4:12-CR-40017-01, 2020 WL 7029873, at *2-3 (D.S.D. Nov. 30, 2020). Amendment 814 retained much of the language from the prior version of the Sentencing Commission's policy statement, and our prior cases inform our judgement to the extent they are consistent with the current version of the policy statement. *See* U.S.S.G. § 1B.13, amend. 814. Before Amendment 814, the court assumed that the factors laid out in the Sentencing Commission's policy statement applied to motions for compassionate release brought by prisoners as well as the Director of the Bureau of Prisons. *See, e.g., Muhs*, 2021 WL 534517, at *3. Following Amendment 814, the factors courts are to consider now explicitly apply to

motions for compassionate release brought by prisoners. *See id.*; U.S.S.G. § 1B.13(a).

Ontiveros argues that a sentencing disparity results from the difference between facts determined by the court at his sentencing and the facts proven beyond a reasonable doubt by his guilty plea and factual basis statement. *See* Docket 63 at 13–14. He contends that compassionate release is warranted because the court found that he was responsible for a total converted drug weight that differed from the drug weight from his factual basis statement, and because the court considered at sentencing a pending firearm charge in California. *See* Docket 29; Docket 47 at 8, 11-14; Docket 63 at 6-12.

The Supreme Court has held that "any fact other than prior conviction that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466 (2000). It has also held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). "In the present advisory Guidelines regime, facts found at sentencing merely inform the judge's discretion; they do not increase the maximum sentence to which a defendant is otherwise exposed." *United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009). Thus, the court's findings at sentencing as to converted drug weight and the existence of the pending firearm charge were entirely appropriate and did not result in unwarranted sentencing disparity or violation of Ontiveros's due process rights. Thus, Ontiveros fails to establish that an extraordinary and

compelling reason for compassionate release exists on the basis of a sentencing disparity.

Ontiveros's motion does not contend that he suffers from health problems, his family circumstances warrant release, or that he has been the victim of abuse. *See generally* Docket 63. While he requests more time to secure medical records from the BOP, those records were already provided to the court. *See* Dockets 64, 66. A review of those records shows that Ontiveros does not suffer from any health problems that could possibly clear the high bar posed by § 3582(c)(1)(A). *See* Docket 64 at 1–78. Thus, Ontiveros's circumstances do not present an extraordinary and compelling reason for compassionate release.

### III. Sentencing Factors of § 3553(a)

The § 3553(a) sentencing factors confirm that compassionate release is not warranted. The first factor the court considers is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Ontiveros was convicted of distributing an extraordinary quantity of heroin and fentanyl. *See* Docket 35 at 5. Approximately 993 grams of fentanyl and 2,681 grams of heroin were located in his vehicle. *Id.* The court noted at his sentencing that this was "by far the largest quantity" it had had ever seen in a heroin or fentanyl case. Docket 47 at 13. Thus, the large quantity of narcotics involved in Ontiveros's crime in both absolute and relative terms weighs heavily against release.

Ontiveros's personal characteristics also weigh against his motion for compassionate release. Ontiveros's criminal history score was 3, reflecting

prior convictions for attempted voluntary manslaughter, shooting from a motor vehicle, driving under the influence, hit and run, tampering with a vehicle, and possession of burglary tools. Docket 35 at 6–8. Ontiveros was born in Lynwood, California, where he was raised by both his parents. *Id.* at 8–9. Following his 2012 release from a ten-year sentence, Ontiveros lived in Lynwood, California, and later the states of Missouri and Minnesota. *Id.* at 9. Ontiveros has worked as a defective returns technician, a sales associate, and a self-employed salesman of cars and automotive parts. *Id.* at 10. He has a history of substance abuse dating back to the age of thirteen, has regularly used marijuana, methamphetamine, cocaine, and heroin at various points in his life, and believed at the time of his PSR that he could benefit from substance abuse treatment. *Id.* at 9–10.

The next factor the court considers is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). The seriousness of Ontiveros's offense demands a sentence that reflects its gravity. Granting compassionate release at this time would not promote respect for the law or provide just punishment. Ontiveros was arrested with a very large quantity of heroin and fentanyl, far exceeding previous cases in which the court had sentenced defendants. Thus, the court's interest in just punishment demands that Ontiveros's sentence reflect the gravity of his offense.

The remaining § 3553(a) factors also do not support a sentence reduction. If the court were to grant compassionate release, similar conduct in others would not be deterred because Ontiveros's punishment would not be

8

severe enough to act as an effective deterrent. *See* 18 U.S.C. § 3553(a)(2)(B). The court in sentencing Ontiveros considered "the number of people that could have died or collapsed because of using" the drugs Ontiveros was arrested with and found it "frightening." Docket 47 at 14. Thus, reducing Ontiveros's sentence at this time would not protect the public from the potential of overdose and death if Ontiveros resumed trafficking narcotics. *See* 18 U.S.C. § 3553(a)(2)(C). The court finds that the § 3553(a) factors weigh against the defendant and confirm that early release from custody is not warranted.

The court sentenced Ontiveros to 151 months in custody and five years of supervised release. Docket 44 at 2–3. After careful consideration, the court concludes that Ontiveros's sentence of 151 months continues to be appropriate for the seriousness of the crime to which he was found guilty.

## CONCLUSION

Ontiveros's circumstances do not satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that the defendant's motions for relief under the First Step Act (Docket 63) and for extension of time (Docket 66) are denied.

Dated April 11, 2024

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

9